```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


RICKY JOHNSON,                    )   CASE NO. 5:06 CV 2824
                                  )
          Plaintiff,              )   JUDGE JOHN R. ADAMS
                                  )
     v.                           )
                                  )   MEMORANDUM OF OPINION
MASSILLON MUNICIPAL COURT,        )   AND ORDER
                                  )
          Defendant.              )
```

On November 22, 2006, plaintiff pro se Ricky Johnson filed this action under 42 U.S.C. § 1983 against the Massillon Municipal Court. The complaint alleges that plaintiff's current incarceration on a probation violation is the result of false charges against him. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, it is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Municipalities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Even construing the complaint liberally, there are no allegations reasonably suggesting that defendant established policies or customs resulting in the violation of plaintiff's constitutional rights.

Further, to the extent the complaint challenges plaintiff's current incarceration, this action must fail. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: January 31, 2007          S/John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE